Patents; infringement; third-party practice. — Plaintiff, under the provisions of 28 U.S.C. § 1498, seeks to recover reasonable and entire compensation from the defendant for the alleged unauthorized use and manufacture by or for the United States of the invention covered by U.S. Patent No. 2,945,666. On December 3, 1971, the court entered the following order:
This case comes before the court on defendant’s motion to dismiss plaintiff’s petition. Upon consideration of the motion, plaintiff’s opposition thereto, and after hearing oral argument, the court finds:
(1) In paragraph 6 of its petition, plaintiff alleged that Worcester Valve Co., Inc. has an interest in the subject matter of the suit in that it has agreed to indemnify defendant for liability which defendant may incur to plaintiff in this suit;
(2) Pursuant to Rule 41, plaintiff filed a motion with the Trial Commissioner that Worcester Valve Co., *781 Inc. be notified to appear and assert its interest herein, and without objection by defendant, the motion was granted by the Trial Commissioner on July 13, 1971, and notice was issued and served on Worcester Valve Co., Inc., and
(3) Worcester Valve Co., Inc. has not appeared in this action, nor has it filed a motion asking that it be dismissed from this suit on the ground that it is not asserting a claim or an interest in plaintiff’s claim to recover reasonable and entire compensation from defendant for an alleged unauthorized use of the invention covered by plaintiff’s patent.
In view of the circumstances above, court concludes that it would be inappropriate on the basis of defendant’s motion to decide whether 41 U.S.C. § 114(b) authorizes plaintiff, who sues to recover compensation for the unauthorized use of a patented invention, to notify a third party to appear and assert its interest in the suit, when it appears that the only interest which the third party has arises out of an agreement to indemnify the United States for any damages which plaintiff may recover against the United States. The court also concludes that there are no other grounds for the granting of defendant’s motion to dismiss, and
IT IS THEREFORE ORDERED that defendant’s motion to dismiss be and the same is hereby denied; and
IT IS FURTHER ORDERED that this case be consolidated for trial with Docket No. 189-63, Jamesbury Corp. v. United States, filed January 10, 1963, and that both cases be assigned to the same Trial Commissioner.
BY THE COURT
(Sgd.) WlLSON CoWEN Chief Judge